**Turna R. LEWIS, Plaintiff,**

v.

**AMERICAN FOREIGN SERVICE ASSOCIATION, Defendant.**

**Civ. A. No. 92–1803 (CRR).**

United States District Court, District of Columbia.

April 12, 1993.

See also, 846 F.Supp. 71.

Janet Cooper, Washington, DC, for plaintiff.

Alfred F. Belcuore of Montedonico, Hamilton & Altman, Washington, DC, for defendant.

*MEMORANDUM OPINION*

CHARLES R. RICHEY, District Judge.

## I. INTRODUCTION

The Plaintiff, Turna Lewis, brings this action against her employer, American Foreign Service Association (AFSA), claiming the De-

fendant retaliated against her for filing a civil rights complaint, in violation of 42 U.S.C. § 1981. The case was tried before a jury on March 3–5, 1993.

The Court now has before it cross-motions for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure, the Plaintiff's Motion to Alter or Amend the Jury Verdict pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and Defendant's Motion for Denial of Equitable Relief based upon the jury verdict. The Defendant moved for Judgment as a Matter of Law at the close of the Plaintiff's case-in-chief, after the close of all evidence, and again after the verdict was returned. The Plaintiff filed its Motion to Alter or Amend the jury verdict on March 22, 1993, claiming that the verdict form stated the incorrect standard of proof. The Plaintiff asks the Court to apply a different standard of proof and enter Judgment as a Matter of Law for the Plaintiff. For the reasons stated herein, the Court shall deny both Motions for Judgment as a Matter of Law, the Plaintiff's Motion to Alter or Amend the jury verdict, and the Defendant's Motion to Deny Equitable Relief.

## II. BACKGROUND

The Plaintiff was General Counsel for AFSA from April 1990 to April 1992. Her duties as General Counsel included advising AFSA on all legal matters and representing foreign service employees in grievance procedures. In July 1991, Lewis filed a race discrimination claim against AFSA with the Equal Employment Opportunity Commission (EEOC) and the District of Columbia Office of Human Rights.[1] She claims that the Defendant harassed her and terminated her employment because she filed the claim. The Defendant presented evidence at trial, to which the Plaintiff admitted, that the Plaintiff took confidential documents regarding individual cases and employee salaries to her home and supplied them to the D.C. Office of Human Rights, in support of her claim, without permission or subpoena. When AFSA learned of this, its board asked the Plaintiff to sign a letter admitting she had taken the documents wrongfully and promising that it would not happen again. The Plaintiff refused to sign the letter, and the AFSA board then terminated her.

The jury found that the Plaintiff did suffer retaliation as a result of her filing the discrimination claim. However, they also found that the Defendant would have terminated the Plaintiff regardless of the motive to retaliate and did not award damages to the Plaintiff.

## III. THE DEFENDANT IS NOT ENTITLED TO A JUDGMENT AS A MATTER OF LAW, BECAUSE A REASONABLE JURY COULD HAVE FOUND THAT THE DEFENDANT RETALIATED AGAINST THE PLAINTIFF IN VIOLATION OF 42 U.S.C. § 1981

The Defendant argues that it is entitled to a judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure because the Plaintiff failed to present at trial sufficient evidence to prove unlawful retaliation.[2] A judgment as a matter of law should be granted only if the evidence, together with all the inferences that can be drawn reasonably therefrom, is so one-sided that reasonable men and women could not disagree with the verdict. *Coburn v. Pan American World Airways, Inc.,* 711 F.2d 339 (D.C.Cir.1983). Contrary to the Defendant's assertions, the Plaintiff did offer testimony and exhibits sufficient for a reasonable jury to find that the Plaintiff suffered negative treatment as a direct result of filing her claim with the EEOC.

In order to establish a claim of unlawful retaliation under 42 U.S.C. § 1981, a

---

1. The Plaintiff's Title VII claim, which was the subject of the EEOC filing, was tried before this Court on March 5 and 10, 1993 and is not relevant for purposes of the instant motion.

2. Rule 50 of the Federal Rules of Civil Procedure reads in pertinent part:

If during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party.
Fed.R.Civ.P. 50(a)(1).

plaintiff must prove: 1) that she engaged in protected activity; 2) that her employer was aware of her protected activity; 3) that her employer took adverse action against her; and 4) that a causal connection existed between the protected activity and the adverse action. *Gonzalez v. Bolger*, 486 F.Supp. 595 (D.D.C.1980), *aff'd*, 656 F.2d 899 (D.C.Cir. 1981). In the instant case, it is agreed that the Plaintiff filed her claim with the EEOC and that the Defendant was aware that the claim constituted protected activity. The Plaintiff testified about several situations which occurred after she filed her claim with the EEOC. She testified that: 1) after she filed her claim with the EEOC, the AFSA President excluded her from board meetings; 2) her supervisor, Mr. Kirby, knowingly inserted false, negative information in her performance evaluation; 3) Kirby made a practice of stopping by her office and staring at her; and 4) that the Board cut her staff development budget. She also testified that she received more criticism about her work and that she was terminated when she provided documents in support of her discrimination claim. Although the defendant supplied evidence to rebut the Plaintiff's claims, a reasonable jury, after weighing all the evidence, could have reached the conclusion that the Defendant retaliated against the Plaintiff.

■ The Defendant argues alternatively that the Plaintiff did not provide any evidence to indicate that the Defendant's legitimate reasons for terminating her employment were pretextual. The Defendant has cited ample authority that supports an employer's right to terminate employees whose behavior was unlawful or disloyal. *See Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C.Cir. 1980); *Jefferies v. Harris County Community Action Ass'n*, 615 F.2d 1025, 1036 (5th Cir.1980). The Court agrees with the Defendant that the taking and revealing by an attorney of a client's confidential documents is completely reprehensible, a violation of professional ethics, and a legitimate reason to terminate that attorney. Nevertheless,

the jury found that this legitimate reason was not the sole motive for the Defendant's actions. The parties agree that this case is a "mixed motive" discrimination action. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *National Labor Relations Board v. Transportation Management Corp.*, 462 U.S. 393, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983). In mixed motive cases, even if a defendant proves that it would have taken the same action for legitimate reasons, a plaintiff may be entitled to some equitable relief if the jury finds that unlawful discrimination was a motivating factor. 42 U.S.C. § 2000e–5(g)(2)(B).[3] As stated above, the jury found that the Defendant was motivated in part by unlawful discrimination, so the Defendant is not entitled to a Judgment as a Matter of Law.

## IV. BECAUSE THE PLAINTIFF'S OBJECTION TO THE JURY INSTRUCTION IS UNTIMELY AND THE JURY WAS INSTRUCTED AS TO THE CORRECT STANDARD OF PROOF, THE COURT MUST DENY THE PLAINTIFF'S MOTION FOR RELIEF FROM THE JURY VERDICT AND THE MOTION FOR JUDGMENT AS A MATTER OF LAW

■ The Plaintiff asks the Court for relief from the jury verdict, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, claiming that the agreed-upon jury instructions stated incorrectly the standard of proof borne by the Defendant.[4] Moreover, the Plaintiff asks that the Court consider all the evidence in light of her proposed standard of proof and enter judgment for the Plaintiff as a Matter of Law.

■ After finding that the Plaintiff had suffered retaliation, the jury was asked if "the Defendant has proved, by a preponderance of the evidence, that the Defendant's conduct would have been the same toward the Plaintiff in the absence of any retaliatory motive." (Verdict Form at ¶ 2). The Plaintiff now claims that the Defendant's burden

---

3. *See infra* Section V.

4. The pertinent part of the Rule provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal

representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b).

is to prove, *by clear and convincing evidence,* that its actions would have been the same regardless of any motive to retaliate. Relief from Judgment under Fed.R.Civ.P. 60 is not proper in this case, because the parties already litigated the issue of how the jury instructions should read. Rule 60 is not intended to allow reconsideration of questions already litigated and decided, but to provide correction of injustice in extraordinary circumstances. *Tann v. Service Distributors,* 56 F.R.D. 593, 600 (E.D.Pa.1972), *aff'd,* 481 F.2d 1399 (3d Cir.1973). Counsel for the Plaintiff in this case reviewed the proposed jury instructions line by line with the Defendant's counsel in this Court. Counsel then represented to the Court that the instructions were correct and that they were agreed to by the parties. Furthermore, after the jury was instructed, the Court asked both counsel if they were satisfied with the instructions as given, and the Plaintiff's counsel answered affirmatively.

■ In addition, the rule of law controlling the time for objections to jury instructions is set forth in Rule 51 of the Federal Rules of Civil Procedure. "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict." Fed.R.Civ.P. 51. In the absence of objection, an error in the jury instructions may nevertheless be reviewed if the instruction is so clearly erroneous as to create manifest injustice. *See United States v. Paxson,* 861 F.2d 730 (D.C.Cir.1988). Consequently, the Court must consider whether the instruction as to the standard of proof was given in error.

The Supreme Court articulated the standard in "mixed motive" discrimination claims such as this one in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). "[A] defendant may avoid a finding of liability only by proving *by a preponderance of the evidence* that it would have made the same decision even if it had not taken the Plaintiff's gender into account." *Id.* at 258, 109 S.Ct. at 1795 (emphasis added). In *Price Waterhouse,* the Supreme Court held that a Defendant was free from all liability if it met that standard. *Id.* at 259, 109 S.Ct. at 1795.[5] The Civil Rights Act of 1991, 42 U.S.C. § 2000e–5(g)(2)(B), overturned that part of the holding in *Price Waterhouse* dealing with the defendant's liability. The relevant section now allows the Plaintiff to recover attorneys fees and costs and to receive declaratory and injunctive relief even if the Defendant made a showing of mixed motive.

■ The Plaintiff contends that the entire holding in *Price Waterhouse* was overruled by the 1991 Act and that the Court should require the Defendant to demonstrate the existence of a mixed motive by clear and convincing evidence. *See Toney v. Block,* 705 F.2d 1364 (D.C.Cir.1983). Nevertheless, although the 1991 Act changes the *effect* of a defendant's showing of mixed motive, it does not change the standard of proof the defendant must satisfy. The relevant language of the 1991 Act provides only that a defendant must "demonstrate" that it would have taken the same action in the absence of the impermissible motive. 42 U.S.C. § 2000e–5(g)(2)(B) (emphasis added).[6] There is no indication in the statute that Congress intended to alter the standard of proof set forth in *Price Waterhouse* of merely a preponderance of the evidence.[7]

---

5. Although *Price Waterhouse* was a Title VII case, its use of the mixed motive doctrine was extended to retaliation cases brought under other statutes. *See Griffiths v. Cigna Corp.,* 988 F.2d 457 (3d Cir.1993); *Johnson v. Sullivan,* 945 F.2d 976 (7th Cir.1991); *Kenworthy v. Conoco, Inc.,* 979 F.2d 1462 (10th Cir.1992); *Garrett v. Lujan,* 799 F.Supp. 198 (D.D.C.1992).

6. "The term 'demonstrates' means meets the burdens of production and persuasion." 42 U.S.C. § 2000e(m).

7. The Plaintiff claims that the Supreme Court in *Price Waterhouse* cited with favor the EEOC's policy of applying the clear and convincing standard of proof. The *Price Waterhouse* Court noted, however, that the EEOC policy involved the proper determination of available relief, and not the initial inquiry into the existence of a mixed motive for the allegedly discriminatory conduct. *Price Waterhouse,* 490 U.S. at 254, 109 S.Ct. at 1792. The lower courts' application of the clear and convincing standard to the question of mixed motive was explicitly rejected by the *Price Waterhouse* Court. *Id.*

The Plaintiff argues, without supplying any support, that Congress adopted the decision of *Bibbs v. Block*, 778 F.2d 1318 (8th Cir. 1985), when it passed the 1991 Act. Regardless of whether Congress intended to adopt the holding of that case, *Bibbs* makes it perfectly clear that a "defendant may avoid an award of reinstatement or promotion and back pay if it can prove *by a preponderance of the evidence* that the plaintiff would not have been hired or promoted even in the absence of the proven discrimination." *Id.* at 1324 (emphasis added). The Court went on to say that "[a]lthough several courts considering the weight of the employer's burden on the remedy question have imposed a 'clear and convincing' proof requirement, ... we recently rejected that higher standard of proof." *Id.* at 1324 n. 5 (citations omitted). This Court is unwilling to find that the language of the Civil Rights Act of 1991 overrules *Price Waterhouse* as to the defendant's standard of proof in mixed motive discrimination cases. The Court further concludes that there was no mistake in the verdict form, and consequently the Plaintiff's Motion for Relief from Judgment shall be denied. In addition, as the Plaintiff's Motion for Judgment as a Matter of Law is dependent upon a finding that the jury was incorrectly instructed, that Motion will also be denied.

## V. THE PLAINTIFF IS ENTITLED TO CERTAIN EQUITABLE RELIEF AS A RESULT OF THE JURY FINDING THAT DEFENDANT RETALIATED AGAINST HER IN VIOLATION OF 42 U.S.C. § 1981

The Court turns now to the Defendant's Motion to Deny Equitable Relief and Attorneys Fees and Costs to the Plaintiff. As stated above, the jury found that the Defendant did retaliate against the Plaintiff, but that the Defendant's conduct would have been the same toward the Plaintiff in the absence of any retaliatory motive. As stated *supra,* under the old standard of *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), the Defendant would escape all liability for proving its conduct would have been the same without the discriminatory motive. The Civil Rights Act of 1991 modified the mixed motive doctrine and provides that if a defendant proves that

it would have taken the same action in the absence of the discriminatory motive, the trial court "*may* grant declaratory relief, injunctive relief ... and attorneys fees and costs ... [but] shall not award damages or issue an order requiring any admission, reinstatement, hiring [or] promotion." 42 U.S.C. § 2000e–5(g)(2)(B) (emphasis added). Thus, the finding of a mixed motive now goes to the issue of remedies as well as liability.

The Defendant argues that because the 1991 Act applies on its face only to Title VII claims, it should not apply to section 1981 claims, and the standard of *Price Waterhouse* should control. The Defendant's argument is not logical, because *Price Waterhouse* itself was a Title VII case, and it has been applied to retaliation claims. *See Griffiths v. Cigna Corp.,* 988 F.2d 457 (3rd Cir. 1993); *Kenworthy v. Conoco, Inc.,* 979 F.2d 1462 (10th Cir.1992). The analysis of claims brought pursuant to 42 U.S.C. § 1981 mirrors the analysis of Title VII actions. *See Carter v. Duncan–Huggins, Ltd.,* 727 F.2d 1225, 1232 (D.C.Cir.1984); *Dougherty v. Barry,* 869 F.2d 605, 614 n. 8 (D.C.Cir.1989). Therefore, the Court deems it proper to apply the Civil Rights Act of 1991, 42 U.S.C. § 2000e–5(g)(2), insofar as it addresses the granting of relief in mixed motive cases, to retaliation claims.

Having decided that the Act's provision on equitable relief applies to this case, the Court notes that whether it grants equitable relief is within the Court's discretion. As discussed above, the Plaintiff in this case is not entitled to reinstatement or back pay, because the jury found that the Defendant would have terminated her regardless of the unlawful motive. However, based upon the jury's finding that the Plaintiff did suffer some retaliation, it is proper to grant the Plaintiff declaratory and injunctive relief as allowed by the Act. *Id.*

The Judgment accompanying this Memorandum Opinion declares that the Defendant retaliated against the Plaintiff for filing her employment discrimination charge with the EEOC and the D.C. Office of Human Rights, in violation of 42 U.S.C. § 1981. The Judgment goes on to direct the Defendant to

refrain from retaliating against any employee who might file a discrimination charge against the Defendant in the future. Finally, the Judgment directs the Defendant to inform its employees, officers, and board members that employees have the right to file such charges without fear of being subjected to retaliation by fellow employees or officials of the Defendant. This information, passed along in the employee Handbook and in all new employee orientation programs, should make "abundantly clear ... what conduct is appropriate to a workplace and what conduct is inappropriate." *Harris v. International Paper Co.*, 765 F.Supp. 1509, 1527 (D.Me. 1991). The information should make clear that the Defendant will not condone retaliatory conduct of any kind.

■ The question remains of whether to grant attorney fees and costs, and the proper amount. Nothing in the Civil Rights Act of 1991 requires the Court to grant attorneys fees and costs.[8] The Plaintiff in this case admitted taking and copying confidential documents with the knowledge that proper subpoena procedures would have protected her interests. The Defendant also demonstrated to the jury and the Court that it could no longer trust its General Counsel when it terminated the Plaintiff. As General Counsel, the Plaintiff should have known that the Defendants had a legitimate reason to terminate her employment. Therefore, the Court sees no justification for the award of fees. *See also Farrar v. Hobby*, — U.S. —, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).[9]

## VI.  CONCLUSION

Upon consideration of the jury verdict in this action and all the papers submitted to the Court, the Court finds that Judgment as a Matter of Law is not warranted in favor of either party. Both the Plaintiff and the Defendant presented evidence to the jury that could reasonably support its verdict. The Court is satisfied that the instructions given to the jury regarding the defendant's burden in mixed motive cases accurately represent the rule of law. It is also apparent to the Court that the language of the Civil Rights Act of 1991 addressing the availability of equitable relief and attorney's fees in Title VII cases is applicable to retaliation claims brought under 42 U.S.C. § 1981. Accordingly, the Court denies both Judgments as a Matter of Law, and the Motion to Alter or Amend the jury verdict. The Court, in the exercise of its discretion, denies the award of attorney's fees to the Plaintiff and grants declaratory and injunctive relief to the Plaintiff as set out in the Judgment of even date herewith.

---

8. Congress's use of the word "may" clearly indicates that the Court may exercise its discretion when awarding the relief allocated in the statute. 42 U.S.C. § 2000e–5(g)(2)(B).

9. The plurality opinion in *Farrar* determined the appropriate attorney's fee award under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, which governs fee awards in cases brought pursuant to sections 1981, 1982, 1983, 1985 and 1986 and title IX or title VI of the Civil Rights Act of 1964. The Court found that "[i]n some circumstances, even a plaintiff who formally 'prevails' should receive no attorney's fees at all.... When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claims for monetary relief ... the only reasonable fee is usually no fee at all." 113 S.Ct. at 575 (1992). As a result of the jury verdict, the Plaintiff in this case is not entitled to reinstatement or the $65,000 in damages which she sought. Consequently, the reasoning of *Farrar* suggests that no attorneys fees should be awarded in this case.