**Queen E. GLYMPH, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

No. CIV.A. 01–1333(JMF).

United States District Court, District of Columbia.

July 22, 2002.

Richard L. Swick, Swick & Shapiro, P.C., Washington, DC, for plaintiff.

Tonya A. Robinson, Ross M. Buchholz, Asst. Corp. Counsel, Washington, DC, for defendant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This Title VII and § 1981 matter is referred to me for all purposes under LCvR 73.1. After Judge Urbina's denial of defendant's partial motion to dismiss and his order for further briefing on the § 1981 claim, I now resolve *District of Columbia's Second Partial Motion to Dismiss.*

## BACKGROUND

The facts of this case are discussed at length in Judge Urbina's memorandum opinion and order denying defendant's partial motion to dismiss the Title VII claim. *Glymph v. District of Columbia,* Civ. No. 01–1333, Order (D.D.C. Nov. 26, 2001)("Order"). On August 14, 2001, defendant District of Columbia filed a partial motion to dismiss plaintiff's claim based on Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5 (1996), and her § 1981 claim predicated on the Civil Rights Act of 1866 on the grounds that plaintiff failed to establish a cause of action

for either claim. In particular, defendant contended that for the Title VII claim, plaintiff did not allege discrimination based on race, color, religion, sex or national origin. While acknowledging that plaintiff did not plead *discrimination* based on race or any other category, Judge Urbina denied defendant's partial motion to dismiss the Title VII claim because plaintiff did claim *retaliation,* which is clearly actionable under the statute. *See* 42 U.S.C. § 2000e–3; Pl.'s Opp'n at 2. The court declined to dismiss the Title VII retaliation claim, holding that plaintiff need not allege the elements of a *prima facie* case at the initial pleading stage (citing *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C.Cir.2000)). The court further determined that the parties had set forth inadequate briefs regarding plaintiff's § 1981 claim and requested clarification on the issue, subsequently referring the matter to me. After a review of the submissions by both parties, the court concludes that, as a matter of law, the retaliation complaint pursuant to § 1981 can survive defendant's partial motion to dismiss.

## DISCUSSION

The parties' briefs respond to specific questions posed in Judge Urbina's November 26, 2001 Order. Judge Urbina set forth two issues for the parties to discuss regarding the section 1981 claim, the first of which reads:

1. If the plaintiff's section 1981 claim alleges retaliation, must she also allege race-discrimination in her complaint for the claim to survive the defendant's motion to dismiss? In other words, what are requisite elements of a section 1981 claim? In addition, what, if any, guidance has (a) the D.C. Circuit and or (b) any other federal court provided on this issue?

Order.

As a preliminary matter, it is undisputed that a plaintiff may bring a section 1981 retaliation claim. Congress passed the Civil Rights Act of 1991, Pub.L. 102–166, Title I, § 101, Nov. 21, 1991, 105 Stat. 1071, in part as a response to the Supreme Court's decision in *Patterson v. McLean Credit Union,* 491 U.S. 164, 171, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), a case that narrowed the reach of § 1981 by interpreting it to relate only to conduct occurring at the formation of the hiring contract and not conduct occurring after that point. The 1991 Act has been interpreted by most circuits to expand § 1981's scope to include any actions occurring after the initial creation of the hiring contract, including retaliation. *Andrews v. Lakeshore Rehabilitation Hosp.,* 140 F.3d 1405 (11th Cir.1998); *Barge v. Anheuser–Busch,* 87 F.3d 256, 259 (8th Cir.1996); *Hawkins v. 1115 Legal Service Care,* 163 F.3d 684, 693 (2nd Cir.1998); cf. *Von Zuckerstein v. Argonne Nat. Laboratory,* 984 F.2d 1467, 1472 (7th Cir.1993). In *Andrews,* the court found that the 1991 Act's legislative history is "replete with expressions of Congress's intent to broaden section 1981 specifically to cover race-based retaliation in all phases of contractual relations." *Id.* at 1412–13. Since 1991, the courts in this Circuit have consistently allowed plaintiffs to proceed with § 1981 retaliation claims. *See Hunter v. Ark Restaurants Corp.,* 3 F.Supp.2d 9, 19–20 (D.D.C.1998) (ruling on both a claim for retaliation pursuant to section 1981 and the D.C. Human Rights Act); *Lewis v. American Foreign Serv. Assoc.,* 846 F.Supp. 77, 79–80 (D.D.C.1993) (reviewing a retaliation claim pursuant to section 1981); *Carney v. American Univ.,* 151 F.3d 1090, 1094–95 (D.C.Cir.1998)(allowing a § 1981 retaliation claim to proceed because defendant's pleadings did not broach the issue). In the instant matter, even defendant acknowledges that a retaliation claim is actionable under section

1981. *See* Def.'s Second Partial Mot. To Dismiss at 4.

This Circuit has held that the *McDonell Douglas* burden-shifting framework applies equally to· Title VII and § 1981 claims. *Carney*, 151 F.3d at 1092–93. This identical treatment extends to retaliation claims as well as discrimination claims. *Id.* at 1094. The particular elements of a retaliation claim under either Title VII or § 1981 are that ·plaintiff (1) was engaged in a statutorily protected activity, (2) plaintiff's employer took an adverse personnel action against her and (3) a causal connection existed between the two. *Carney*, 151 F.3d at 1095 (citing *Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C.Cir.1985)). Here, plaintiff meets this burden, as she has alleged (1) that she engaged in the statutorily protected activity of testifying in the *Wondafrash v. District of Columbia*, Civ. No. 96–1272, a race discrimination case; (2) that defendant terminated her; and·(3) that a causal connection existed between the two.·

Defendant nevertheless alleges that plaintiff cannot maintain a cause of action pursuant to § 1981 because she did not allege membership in a protected class in her initial pleading. But as just shown, membership in a protected class is not an element of a prima facie retaliation claim. Of course, because § 1981 is and always has been a statute specifically designed to eliminated *race* discrimination, it makes intuitive, superficial sense that· a § 1981 claim, even one for retaliation, contain some race-based connection. In this regard, defendant appears to articulate a theory that a § 1981 retaliation claim include not only an allegation that plaintiff engaged in a protected· activity, but also that plaintiff herself was a non-white person. The·race-based hook, in other words, must exist in the race of the plaintiff herself.

The more logical approach, however, is that the race-based element must lie in the protected activity, not in the race of the plaintiff. As stated in *Hawkins*, 163 F.3d at 693, ".... to be actionable under § 1981, the retaliation must have been in response to the claimant's assertion of rights that were protected by § 1981." This approach makes all the more sense, for as one court has noted, to allege retaliation based on one's race "is illogical-retaliation is not taken on account of one's race; rather, it is taken in response to a plaintiff's protected activity." *Lafate v. Chase Manhattan Bank*, 123 F.Supp.2d 773, 782–83 (D.Del.2000).

The one Circuit that has addressed the specific issue of whether a white person can ·rely on § 1981 as the basis of a claim of retaliation because of that white person's assistance to a member of a protected class in enforcing the latter's rights concluded that she can. In *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306 (2d Cir.1975), plaintiff, a white man, charged that Kodak had forced him into premature retirement because he had sold his house, located in neighborhood inhabited primarily by white Kodak employees, to an African American. The lower court had dismissed the action on the ground that plaintiff as a white man lacked standing to rely upon § 1981. The Second Circuit reversed, stating:

> The Supreme Court has held, however, in *Sullivan v. Little .Hunting Park*, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), that a ·white person who has been '... punished for trying· to vindicate the rights of (non-white) minorities ...' has standing to sue under § 1981. *Id.* at 237, 90 S.Ct. at 404. DeMatteis contends that Kodak 'forced' him into retirement solely because he had sold his house to a black person. His retirement was precipitated, according to the com-

plaint, by deteriorating health which Kodak's vindictive conduct served to exacerbate. Appellant also contends that he has suffered economic loss in that his retirement was 'premature.' Such 'punishment' to appellant's legally cognizable interests was allegedly in reprisal for his part in vindicating the right of a black fellow-employee '... to make ... (a) contract( ) ...' similar to that which whites in the neighborhood have freely been able to make. DeMatteis therefore has standing to sue under 42 U.S.C. § 1981.

*Id.* at 312.

In the *Sullivan* case, Sullivan had leased his share in a community park to an African American. The board of the community park expelled Sullivan, a white man, because of Freeman's race. As the Second Circuit noted, the Supreme Court held that Sullivan had standing to maintain his § 1981 action premised on his attempt to vindicate the rights of an African American.

More recently, in *Choudhury v. Polytechnic Institute of New York*, 735 F.2d 38, 43 (2d Cir.1984), the defendant argued, as the District argues here, that a plaintiff must allege that the retaliation was motivated by a discriminatory animus, but the Second Circuit rejected that contention:

> Appellee urges that a retaliation claim may not be maintained under § 1981 absent the same proof of racial animus that would be required to support an initial claim of employment discrimination under that section. *See London v. Coopers & Lybrand, supra,* 644 F.2d at 819. We disagree. A retaliation claim is cognizable under § 1981 to make that section an available and effective remedy for racially motivated employment discrimination. The remedy would be impaired for all employees if any employee could be disadvantaged because he sought or secured relief from discriminatory treatment, whether or not the retaliation itself was racially motivated.

> Moreover, an employee who is punished for seeking administrative or judicial relief, regardless of the merits of his initial claim, has failed to secure that right to equal treatment which constitutes the fundamental promise of § 1981. When a complainant experiences retaliation for the assertion of a claim to even-handed treatment, he remains under a handicap not faced by his colleagues. Such inequality, we believe, is proscribed by § 1981.

*Id.* at 43.[1]

In a case even closer to the instant one, *Hagemann v. Molinari*, 14 F.Supp.2d 277, 286 (E.D.N.Y.1998), a non-minority plaintiff alleged retaliation for his efforts in trying to remedy prior racial discrimination that had occurred to his minority co-workers. The court ruled that this plaintiff may recover damages under § 1981 for retaliation based on his efforts to vindicate the rights of a racial minority.

There appears to be no authority to the contrary. A moment's thought shows why. Assume two lawyers, one white and one African American, who are representing African Americans in a § 1981 action against the Klu Klux Klan. Assume the Klan burns their houses down in retaliation for the lawsuit. Would anyone seriously suggest that there is some good reason why the African American lawyer has a section 1981 action based on the retaliation but the white lawyer doesn't? Simi-

---

1. *See also Clemes v. Del Norte County Unified School District,* 843 F.Supp. 583 (1994)(white man permitted to use § 1981 to assert retaliation because of support of women and Native Americans.)

larly, if a non-minority may bring a § 1981 retaliation claim for supporting the rights of a minority co-worker, then *a fortiorari,* a minority plaintiff may also do so.[2]

Finally, defendant also alleges that plaintiff's prior protected activity did not involve racebased discrimination. However, plaintiff testified as a witness in *Wondafrash,* a case grounded in section 1981, thus evidencing her participation in a race-based discrimination case and proving defendant's claim invalid.

Judge Urbina also requested briefing on the following issue:

2. Because the court has ruled that the Title VII claim for retaliation can survive a motion to dismiss, is there any benefit to the plaintiff to have the section 1981 claim for retaliation go forward as well? If so, what is the benefit? Order.

Plaintiff is pursuing a retaliation claim under both Title VII and section 1981, which is permitted by law. *Kim v. Nash Finch Co.,* 123 F.3d 1046, 1059–60 (8th Cir.1997)(holding that "like the substantive claim of racial discrimination, a claim of retaliation, in a racial discrimination context, can violate both Title VII and section 1981"). In addition, if only a Title VII claim is pursued, plaintiff's maximum compensation award would be limited to $300,000. 42 U.S.C.A. § 1981(a)(b)(3). Because plaintiff is pursuing compensatory damages to the full extent allowed by law, there is a benefit to maintaining actions under both Title VII and section 1981. Under a 1981 retaliation claim, plaintiff could receive uncapped compensatory damages because there is no limitation on the award pursuant to section 1981. 42 U.S.C.A. § 1981(a)(b)(4). The 1991 Civil Rights Act, which made compensatory and punitive damages available under Title VII

provides, "nothing in this section shall be construed to limit the scope of, or the relief available under, section 1981 of this title." PL 102–166, 1991 S 1745 § 102(b)(4).

In addition to receiving uncapped compensatory damages under § 1981, plaintiff does not need to demonstrate that she exhausted her administrative remedies while under under Title VII, she must. Because defendant asserted as a defense that plaintiff did not exhaust her administrative remedies, there is an additional benefit for plaintiff in pursuing the § 1981 claim, as she avoids having to disprove defendant's claim.

## CONCLUSION

The court concludes that the § 1981 retaliation claim can survive defendant's partial motion to dismiss. I will thus deny defendant's partial motion to dismiss the 42 U.S.C. § 1981 claim.

## ORDER

In accordance with the accompanying Memorandum Opinion, it is hereby

**ORDERED** that *District of Columbia's Second Partial Motion to Dismiss* [# 17] is **DENIED.**

**SO ORDERED.**

---

**2.** Plaintiff asserts in her opposition that she is indeed African American. Pl.'s Opp'n. at 6.