**Gerry BABB, Rudy Ochoa, Jr., Kathleen Richardson, and Delores M. Murrell, Plaintiffs,**

**v.**

**BRIDGESTONE/FIRESTONE, et al., Defendants.**

**No. 3:92–0695.**

United States District Court, M.D. Tennessee, Nashville Division.

Feb. 23, 1993.

Stanley M. Chernau, Chernau, Chaffin & Burnsed, P.C.; Almose A. Thompson, II; and Edward L. Swinger, Nashville, TN, for plaintiffs.

Robert Earl Boston, Waller, Lansden, Dortch & Davis and Kathleen A. Carlson, Bridgestone/Firestone, Inc., Nashville, TN, for defendants.

## MEMORANDUM

WISEMAN, District Judge.

## I

The Plaintiffs, four former employees of the Bridgestone tire company, have filed this Complaint alleging that they were discriminated against on the basis of their race. The Plaintiffs are suing Bridgestone/Firestone, Inc., and eight Bridgestone employees who were either supervisors of the Plaintiffs, or were employed in the Bridgestone personnel office. Bridgestone has filed two pre-answer motions. First, they have moved to dismiss the Complaint against the individual defendants for improper service (the Plaintiffs served the individuals by leaving the Complaint and Summons at Bridgestone's front desk). They also argue that the Complaint fails to state a cause of action against the individual defendants, because they were not the Plaintiffs' employers. In the alternative, Bridgestone is seeking a more definite statement of the grounds for the Complaint, pointing out numerous errors in the Complaint, and stating that it is impossible to determine which allegation apply to which individual defendant.

In addition, the Defendants have filed a motion for summary judgment and sanctions against Plaintiff Delores Murrell. Murrell and Bridgestone allegedly settled her claims, and Bridgestone has produced a copy of the release which Murrell signed. In response, Murrell claims that she was somehow misled into signing the document, and that it is void.

## II

### Analysis

*Service of Process*

Federal Rule of Civil Procedure 4(e)(1) prescribes the means by which an individual may be served:

> [U]pon an individual * * * other than an infant or an incompetent person, * * * by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.Proc. 4(e)(1).

It is well established that individuals may not be served by merely leaving the Complaint and Summons at their place of business, unless an agent receives the documents, as provided in the last sentence of the Rule. 4A Wright & Miller, *Federal Practice and Procedure,* § 1096, at 74 (1987). See also *Daly–Murphy v. Winston,* 837 F.2d 348 (9th Cir.1987) (stating that "Rule 4 has generally been construed to mean that service at a defendant's place of employment is insufficient."); *Whisman v. Robbins,* 712 F.Supp. 632 (S.D.Ohio 1988).

■ The box marked "left at dwelling house" is checked on the return of service in this case. Nevertheless, for each individual defendant, the Plaintiffs' attorney, who served the process, has written in the comment line: "Complaint left with receptionist." It is clear, therefore, that the copies were merely left at the individual defendants' place of business. Service was improper, and the motion to dismiss under Rule 12(b)(4) must be granted. The Plaintiffs argue that the Defendants have waived their right to object on this ground because they have made "a general appearance by filing a responsive pleading." They have not filed such a pleading (their motion to dismiss is a pre-answer motion), and this argument is meritless.

### Are the Individuals "Employers" for Purposes of Title VII?

■ The Plaintiffs have moved to dismiss on the ground that the individual Defendants are not "employers" under Title VII. Subchapter VI of Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. Section 2000e(b) of Title 42 (which codifies the Act) defines "employer" as follows:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent of such a person,* ...

42 U.S.C. § 2000e(b) (1988). In the present case, the Defendants are sued both in their official and individual capacities. The question is whether the final clause quoted above defines these servants of Bridgestone to be "employers" in either their official or individual capacities.

The Sixth Circuit apparently has not addressed this issue, and the parties have provided no authorities for guidance. Nevertheless, two cases from other circuits discuss supervisors' liability under Title VII, and persuade the Court that the motion must be granted on this ground as well. In *Harvey v. Blake,* 913 F.2d 226, 227–28 (5th Cir.1990) and *Weiss v. Coca–Cola Bottling Co. of Chi-*

*cago,* 772 F.Supp. 407, 411 (N.D.Ill.1991), both courts concluded that the named individual defendants could be held liable only in their official capacities. *Harvey* (upon which *Weiss's* holding is based), provides the best explanation. There are two reasons for denying individual liability under Title VII to supervisors: First, the reinstatement remedy awardable under Title VII can only be provided in a supervisor's official capacity. Second, and more persuasive in the Court's opinion, is that a supervisor is an agent only when acting in his official capacity. Thus, the statutory authority for liability should only extend as far as the agency relationship.

### Definite Statement of the Claims

■ Bridgestone/Firestone, as the remaining Defendant, has moved for a more definite statement of the claims from the Plaintiffs. The Defendant complains of five specific problems with the Complaint: First, the Complaint refers to "Defendant Clark," even though no such person has been joined; the Defendant is unclear whether Clark is a defendant or not. Second, one paragraph of the Complaint contains three (actually four) blanks:

> 32. Plaintiff further alleges that she was transferred from one job to another by _____, to accomodate another female worker in the unit that [sic] was then involved in a personal relationship with defendant _____. This occurred on or about _____, 199\_\_.

Third, the Complaint confuses "Bridgestone, Inc.," with "Bridgestone/Firestone, Inc." Fourth, the Defendants complain that the complaint is too long and convoluted, and that it thus violates Rule 8(a)(1)'s short and plain statement requirement, and Rule 8(e)(1)'s requirement that the Complaint be "simple, concise, and direct." Finally, the Defendants argue that they are unable to tell which individual Defendant is alleged to have committed which specific wrong described in the Plaintiffs complaint. Whether to grant a Rule 12(e) motion is within the discretion of the trial court. 5 Wright & Miller, *Federal Practice & Procedure,* § 1217 (1990).

The Court sympathizes with the Defendants, and holds that four of the five of the Defendant's complaints should be redressed in an amended complaint: The Plaintiffs need to identify Clark properly as a Defendant or not; they need to fill in the blanks on Paragraph 32; they need to straighten out which company they are talking about; and they should identify with greater specificity who did what to whom. The brevity argument is less convincing, however. Although Rule 8 certainly provides authority for getting them to trim their pleading down (see 5 Wright & Miller, § 1217, cited above), this case involves four plaintiffs, and when this is kept in mind, the complaint is not so prolix as to violate Rule 8.

*Summary Judgment/Sanctions on the Release of Liability*

 Plaintiff Murrell executed a document releasing Bridgestone from liability in consideration of undisclosed settlement terms. The Complaint makes no mention of this document, and the Defendants seek summary judgment and sanctions for the failure to disclose this document or to allege that it is not legally binding on Murrell. The Plaintiffs argue in response that Murrell was misled into signing the document, and that these misrepresentations make the release void. As proof, Murrell claims to possess a tape recording of the conversation in which she was induced to sign the release.

In light of Murrell's allegation of fraud in the release's inducement, summary judgment is not reasonable. The allegation has created a genuine issue of material fact, precluding the granting of summary judgment.

The Defendants argue that sanctions are warranted, both under Title VII, as attorneys' fees to the prevailing party, and under Rule 11. Because the Court concludes that summary judgment is not yet warranted, it follows that Defendants have not prevailed yet, and so there is no basis for an award of attorney's fees under Title VII.

 The Rule 11 case is much stronger, however. The Plaintiffs cite *Tura v. Sherwin–Williams Co.*, 1991 WL 88346, 1991 U.S.App. LEXIS 11792 (6th Cir. May 28, 1991) (unpublished). In *Tura,* a patent attorney at Sherwin–Williams filed an age discrimination claim based on Ohio law, and failed to mention in his Complaint a release which he had filed. The district court awarded sanctions, and the Sixth Circuit affirmed in part, but reversed for a fuller explanation of the underlying facts. *Tura* is not really on point, however, because there was no allegation that the release was obtained by fraud.

*White v. General Motors Corp., Inc.,* 908 F.2d 675 (10th Cir.1990), provides a much better example. In *White,* the Plaintiff had also failed to mention the existence of a release, but had subsequently argued that the release was void because of duress. The Court of Appeals noted that although a reasonable investigation must necessarily include determining if the defendant possesses an affirmative defense, it also noted:

> An attorney need not forbear to file her action if she has a colorable argument as to why an otherwise applicable affirmative defense is inapplicable in a given situation. For instance, an otherwise time-barred suit may be filed, with no mention of the statute of limitations, if the attorney has a nonfrivolous argument that the limitation was tolled for part of the period. The attorney's argument must be nonfrivolous, however; she runs the risk of sanctions if her only response to an affirmative defense is unreasonable.

Id. at 682.

*White's* reasoning applied to the case at hand results in the following conclusion: Because the Plaintiff knew of the existence of the release—an affirmative defense—she was justified in filing the Complaint if and only if she has a nonfrivolous argument that the affirmative defense is inapplicable in this situation. (Although *White* would permit a plaintiff to refrain from mentioning the release at all, the Court observes that the better practice is to admit its existence, and then explain why the lawsuit has merit notwithstanding the release.) The question, then, is whether Murrell's fraudulent inducement argument is frivolous or not. If frivolous, then Rule 11 sanctions must be awarded. Fed.R.Civ.Proc. 11. This is the same factual question on which turns the Defen-

dant's motion for summary judgment. The resolution of the Rule 11 motion, therefore, must wait until the facts surrounding the execution of the release are more fully developed through discovery.

### III

For the reasons stated above, the Court holds that the service of process on the individual defendants was improper; that the individual defendants may be sued only in their official, and not in their individual, capacities; that Bridgestone is entitled to a more definite statement of the claims against it; and that because of Murrell's allegations of fraud, it would be inappropriate to grant the Defendants summary judgment or sanctions against her.