**Beatrice Y. GRIMES, et al.**

v.

**SUPERIOR HOME HEALTH CARE OF MIDDLE TENNESSEE, INC., et al.**

No. 3:94–1031.

United States District Court, M.D. Tennessee, Nashville Division.

June 19, 1996.

Richard Hovey Dinkins, Ronald W. McNutt, Nashville, for plaintiffs.

John Parker Branham, William Taylor Ramsey, Nashville, Leesa A. Hinson, Nashville, for defendants.

## MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court are a Motion to Dismiss Plaintiff's Title VI Claims (Docket No. 46) filed by Defendant Superior Home Health Care of Middle Tennessee, Inc. ("Superior") and a Motion to Dismiss and/or For Summary Judgment (Docket No. 55) filed by Defendants Alpha Medical, Inc., Frazier, and Rogers ("the Alpha Defendants"). For the reasons more fully set forth herein, Superior's Motion to Dismiss Plaintiff's Title VI Claims (Docket No. 46) is GRANTED. The Alpha Defendants' Motion to Dismiss and/or for Summary Judgment (Docket No. 55) is DENIED.

## FACTS

Plaintiffs bring this action against Defendants for racial discrimination pursuant to 42 U.S.C. §§ 1981 and 1981a, 42 U.S.C. § 2000d ("Title VI"), and 42 U.S.C. §§ 2000e, et seq. ("Title VII"). Plaintiffs are former employees of Defendant Superior. Defendant Alpha Medical, Inc. ("Alpha") was, at all times pertinent herein, under contract with Superior to provide advice on hiring, promotions and other administrative matters to Superior.

## TITLE VI CLAIMS

■ On a motion to dismiss, this Court must construe the complaint in the light most favorable to the Plaintiffs, accepting all their factual allegations as true, and determine whether they can prove no set of facts that would entitle them to relief. *Briggs v. Ohio Elections Commission*, 61 F.3d 487, 493 (6th Cir.1995).

Plaintiffs assert, among other things, that Defendants' actions violate Title VI, 42 U.S.C. § 2000d. Both Superior and the Al-

pha Defendants move to dismiss Plaintiffs' Title VI claims.

■ Section 601 of Title VI provides:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. Thus, the general prohibition of Section 601 applies only if a defendant receives federal funds.[1] *See Mosley v. Clarksville Memorial Hospital*, 574 F.Supp. 224, 236 (M.D.Tenn.1983).

Before 1988, courts extended the prohibitions of Section 601 only to the specific program or activity receiving the federal funds. *See, e.g., Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 634–36, 104 S.Ct. 1248, 1255, 79 L.Ed.2d 568 (1984); *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.*, 911 F.2d 1377, 1383 (10th Cir.1990), *cert. denied*, 498 U.S. 1074, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991). In other words, prior to 1988, the strictures of Title VI applied only to an institution's or government entity's specific programs that received federal funds. *Hodges v. Public Bldg. Comm'n. of Chicago*, 864 F.Supp. 1493, 1504 (N.D.Ill.1994).

The landscape of Title VI changed in 1988, however, when Congress enacted the Civil Rights Restoration Act of 1987 ("the 1987 Act"), which overturned the program-specific interpretation of *Consolidated Rail*. *Hodges*, 864 F.Supp. at 1505; *see also DeVargas*, 911 F.2d at 1384. The 1987 Act expanded the concept of "program or activity" by adding to Title VI and other anti-discrimination statutes (such as the Rehabilitation Act of 1973) an explicit definition of that phrase. *Stanley v. Darlington County School Dist.*, 879 F.Supp. 1341, 1365 (D.S.C.1995), *rev'd in part on other grounds*, 84 F.3d 707 (4th Cir.1996).

"The new definition specifies that entire entities receiving federal funds—whether governmental entities, school systems, or uni-

---

**1.** It is undisputed that Superior receives federal funds in the form of payments under the Medi- care program.

versities—must comply with Title VI, rather than just the particular program or activity that actually receives the funds." *Id.; see also* 42 U.S.C. § 2000d–4a (Supp.1996).

 The 1987 Act "was intended to ensure that the various civil rights statutes 'would apply to the entirety of any state or local institution that had a program or activity funded by the federal government.'" *Hodges,* 864 F.Supp. at 1505 (quoting *Schroeder v. City of Chicago,* 927 F.2d 957, 962 (7th Cir.1991)). Thus, the term "program or activity" was expanded to include all of the operations of the institution that conducted the program or activity. *Id.*[2]

The cases cited by Superior—*Mosley v. Clarksville Memorial Hospital,* 574 F.Supp. 224 (M.D.Tenn.1983); *Trageser v. Libbie Rehabilitation Center,* 590 F.2d 87 (4th Cir. 1978), *cert. denied,* 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979); *Flora v. Moore,* 461 F.Supp. 1104 (N.D.Miss.1978), *aff'd,* 631 F.2d 730 (5th Cir.1980); and *Doe v. St. Joseph's Hospital of Fort Wayne,* 788 F.2d 411 (7th Cir.1986)—were all decided before the 1987 Act. Thus, they apply the more limited program-specific requirement upon plaintiffs and are not applicable here.[3]

 Since the 1987 Act, the Ninth Circuit has held that there is no requirement that a plaintiff plead that he was an intended beneficiary of the federally-funded program in which defendants are alleged to have participated. *Fobbs v. Holy Cross Health System Corp.,* 29 F.3d 1439, 1447 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 936, 130 L.Ed.2d 881 (1995). "To state a claim for damages under 42 U.S.C. § 2000d, *et seq.,* a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal assistance." *Id.* (citing *Wrenn v. Kansas,*

561 F.Supp. 1216, 1221 (D.C.Kan.1983)). "Although the plaintiff must prove intent at trial, it need not be pled in the complaint." *Fobbs,* 29 F.3d at 1447.

In this case, Plaintiffs have alleged that Defendants engaged in racial discrimination and that Defendants receive federal assistance. Therefore, the Court finds that Plaintiffs have stated a claim under Section 601 of Title VI, and Superior's Motion to Dismiss on this issue must be denied.

Superior argues another limitation, however. Section 604 of Title VI, which specifically addresses claims of employment discrimination, limits the general prohibitions of Section 601:

> Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or· agency with respect to any employment practice of any employer, employment agency, or labor organization except where a primary objective of the Federal financial assistance is to provide employment.

42 U.S.C. § 2000d–3.

 The plain language of Section 604, which is often referred to as the "primary objective limitation," clearly indicates its applicability is only to federal departments or agencies. Yet, many courts have interpreted Section 604 as limiting the rights of private actions as well. *Mosley,* 574 F.Supp. at 226; *Association Against Discrimination v. City of Bridgeport,* 647 F.2d 256, 276 (2d Cir. 1981), *cert. denied,* 455 U.S. 988, 102 S.Ct. 1611, 71 L.Ed.2d 847 (1982); *Trageser,* 590 F.2d at 89; *Doe,* 788 F.2d at 419 n. 12; *Carmi v. Metropolitan St. Louis Sewer District,* 620 F.2d 672, 674–75 (8th Cir.1980), *cert. denied,* 449 U.S. 892, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980); *Temengil v. Trust Terri-*

---

**2.** *See also Maddox v. University of Tennessee,* 907 F.Supp. 1144, 1149 (E.D.Tenn.1994), *aff'd,* 62 F.3d 843 (6th Cir.1995), where the court held it was clear that the University of Tennessee constituted a "program or activity," as defined in the Rehabilitation Act (which was amended by the Civil Rights Restoration Act at the same time and in the same fashion as Title VI), regardless of whether any federal funds were used by the university's athletic department (the specific program involved).

**3.** *Vakharia v. Swedish Covenant Hospital,* 824 F.Supp. 769 (N.D.Ill.1993), cited by Superior, was decided more than one year before *Hodges,* and—for some reason—fails to mention the 1987 Act at all. This Court can find no other case which has cited *Vakharia* for the proposition that Plaintiff must be an intended beneficiary of the federal funds even after the 1987 Act. In light of the 1987 Act and other authority, the Court does not find *Vakharia* to be persuasive.

*tory of Pacific Islands,* 881 F.2d 647, 653 (9th Cir.1989) (court completely omitted the language "by any department or agency" in quoting the statute), *cert. denied,* 496 U.S. 925, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990); *Reynolds v. School Dist. No. 1, Denver, Colorado,* 69 F.3d 1523, 1531–32 (10th Cir.1995); *Moxley v. Vernot,* 555 F.Supp. 554, 558 (S.D.Ohio 1982); *Ward v. Massachusetts Bay Transp. Auth.,* 550 F.Supp. 1310, 1311 (D.Mass.1982); and *Bhatt v. Uniontown Hospital,* 1986 WL 30681 at *6 (W.D.Pa. 1986).

■ The United States Supreme Court, without expressly so holding, assumed that Section 604 applied to private rights of action in *Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 636–37, 104 S.Ct. 1248, 1256, 79 L.Ed.2d 568 (1984); *see also North Haven Board of Education v. Bell,* 456 U.S. 512, 528–30 n. 20, 102 S.Ct. 1912, 1922 n. 20, 72 L.Ed.2d 299 (1982) (Section 604 was added to indicate, or at least clarify, a limitation on the class of beneficiaries of Title VI); and *Johnson v. Transportation Agency, Santa Clara County, California,* 480 U.S. 616, 626–27 n. 6, 107 S.Ct. 1442, 1449 n. 6, 94 L.Ed.2d 615 (1987) (Congress added Section 604 because of its concern that the receipt of any form of financial assistance might render an employer subject to the commands of Title VI rather than Title VII).[4]

On the other hand, a few courts have held that Section 604 does not limit private rights of action but applies solely to federal departments or agencies, as the statute itself states. *Pittsburgh Federation of Teachers v. Langer,* 546 F.Supp. 434, 436 (W.D.Pa.1982); *LeStrange v. Consolidated Rail Corp.,* 687 F.2d 767, 770 (3d Cir.1982), *aff'd,* Consolidated

*Rail Corp. v. Darrone,* 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984);[5] *Jones v. MARTA,* 681 F.2d 1376, 1379, n. 7 and 1382 (11th Cir.1982), *cert. denied,* 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984); and *Hart v. County of Alameda,* 485 F.Supp. 66, 72 (N.D.Cal.1979).

Despite the apparent majority of authority to the contrary, this Court is reluctant to disregard the plain language of Section 604 itself. As the Third Circuit noted: "The plain words of § 604 limit its application to departments or agencies. Given the statutory scheme of which Title VI is a part, it is not illogical to assume Congress intended precisely what it said and no more." *LeStrange,* 687 F.2d at 770.[6]

Nonetheless, the Court is persuaded that the Supreme Court has implied that the limitations of Section 604 apply to private rights of action. *See, e.g., Consolidated Rail,* 465 U.S. at 636–37, 104 S.Ct. at 1256; *North Haven,* 456 U.S. at 528–30 n. 20, 102 S.Ct. at 1922 n. 20; and *Johnson,* 480 U.S. at 626–27 n. 6, 107 S.Ct. at 1449 n. 6.

As recently as November 1995, a federal court of appeals found: "Although the literal language of § 2000d–3 establishing the requirement that a primary objective of federal funding be to provide employment only applies to federal administrative action to redress civil rights violations under Title VI, we apply the requirement to the implied private rights of action which have been read into the statute." *Reynolds v. School Dist. No. 1, Denver, CO.,* 69 F.3d 1523, 1531 n. 8 (10th Cir.1995) (citing numerous cases).

---

**4.** Many of the cases which have looked at the meaning of Section 604 deal with whether to extend its applicability to Section 504 of the Rehabilitation Act of 1973. *See, e.g., Consolidated Rail, Trageser, Carmi, Moxley* and *Ward.* Title VI served as the model for Section 504 of the Rehabilitation Act of 1973. *LeStrange v. Consolidated Rail Corp.,* 687 F.2d 767, 768 (3d Cir. 1982).

**5.** As indicated above, in *Consolidated Rail,* the Supreme Court assumed that the Section 604 limitation applies to private rights of action without expressly overruling the lower court's dicta to the contrary.

**6.** The Third Circuit explained: "The question of whether § 604 also limited the rights of private litigants was unlikely to even occur to the Congress. The only reason for a private litigant to sue for employment discrimination under Title VI is that he failed to meet the administrative requirements to bringing suit under Title VII. Even then, an action brought pursuant to 42 U.S.C. § 1983 may provide a wider range of remedies than a Title VI action." *LeStrange,* 687 F.2d at 771.

Finally, this Court has previously held that Section 604 "has been consistently interpreted by the courts to limit the right to bring a private suit." *Mosley*, 574 F.Supp. at 236. This Court is not persuaded that the prior decision in *Mosley* was wrong.

Therefore, the Court finds that Section 604 limits Plaintiff's rights under Title VI to those employers who receive federal funds "where a primary objective of the Federal financial assistance is to provide employment." There is no allegation in this case that the "primary objective" of the Medicare funds received by Superior is "to provide employment." Thus, Plaintiff's Title VI claims against Superior must be dismissed, and Superior's Motion to Dismiss (Docket No. 46) is GRANTED.

The Alpha Defendants also moved to dismiss Plaintiffs' Title VI claims, if any, against them. Plaintiffs have conceded, however, that they do not assert Title VI claims against the Alpha Defendants (*see* Second Amended Complaint, ¶ 46; Plaintiffs' Memorandum in Opposition to the Alpha Defendants' Motion, p. 22). Therefore, the Title VI portion of the Alpha Defendants' Motion to Dismiss is DENIED as moot.

### TITLE VII

■ Defendants Frazier and Rogers also move to dismiss Plaintiffs' Title VII claims against them individually. They correctly note that employees are not liable in their individual capacities for claims under Title VII. *See, e.g., Babb v. Bridgestone/Firestone, Inc.*, 861 F.Supp. 50, 52 (M.D.Tenn. 1993).

Plaintiffs, however, have not alleged Title VII claims against any of the Alpha Defendants. *See* Second Amended Complaint, ¶ 50; Plaintiffs' Memorandum in Opposition to the Alpha Defendants' Motion, pp. 22–23. Therefore, that portion of the Alpha Defendants' Motion to Dismiss/for Summary Judg-

ment which deals with Title VII is DENIED as moot.

### SECTION 1981

The only remaining claim against the Alpha Defendants, then, is Plaintiffs' claim for violation of 42 U.S.C. § 1981, which states:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens....

42 U.S.C. § 1981(a).

■ In 1991, Section 1981 was amended by the Civil Rights Act of 1991 to add a definition of "make and enforce contracts" as follows:

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. § 1981(b).[7] The discrimination prohibited by Section 1981 includes both nongovernmental discrimination and discrimination under color of State law. 42 U.S.C. § 1981(c).

■ The Alpha Defendants move to dismiss the Section 1981 claims, arguing that since Plaintiffs have failed to state claims under Title VII, the claims under Section 1981 must also fail. The Court notes that Plaintiffs did not even *allege* violations of Title VII against the Alpha Defendants. Second Amended Complaint, § 50. Thus, the Alpha Defendants' argument, standing alone, cannot be sustained. Although taken literally, Plaintiffs did not "state a claim" under Title VII against these Defendants, it is not necessarily true that such a failure defeats Plaintiffs' Section 1981 claims.

If, in fact, Plaintiffs could not sustain a Title VII claim against the Alpha Defendants because the Alpha Defendants were not Plaintiffs' "employer" [8] as that term is de-

---

7. The provisions added by the Civil Rights Act of 1991 are applicable only to conduct arising after the effective date of that Act. *Caprio v. American Airlines, Inc.*, 848 F.Supp. 1528, 1530 (M.D.Fla. 1994); *see also Rivers v. Roadway Express*, 511 U.S. 298, ——, 114 S.Ct. 1510, 1517, 128 L.Ed.2d 274 (1994).

8. The Court did not have to decide this issue since Plaintiffs did not assert Title VII claims against the Alpha Defendants.

fined in Title VII, then—since Section 1981 addresses discriminatory conduct not only of "employers" as defined by Title VII, but also of private individuals and corporations— Plaintiffs' failure to bring a Title VII action against the Alpha Defendants should have no effect upon Plaintiffs' Section 1981 claim. The Alpha Defendants cannot "hide" behind the fact that Title VII claims were not brought in order to avoid liability under Section 1981 where the scope of that statute is broader than Title VII.

■ The remedies available under Title VII·and under Section 1981, although related, and although· directed to most of the same ends, are separate, distinct, and independent. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 461, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975); *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 240 (6th Cir.1990); *Balmes v. Board of Ed. of Cleveland City School Dist.*, 436 F.Supp. 129, 133 (N.D.Ohio 1977).

■ For example, proof of discriminatory intent is not required in a Title VII case as it is in a Section 1981 case. *Harvey v. NYRAC, Inc.*, 813 F.Supp. 206, 209 (E.D.N.Y.1993). Similarly, individual defendants may not be liable under Title VII, but they can be individually liable under Section 1981. *Id.*

■ Where a plaintiff has alleged violations of both Title VII and Section 1981, the court will consider the alternative remedy under Section 1981 if violation of that statute can be made out on grounds different from those available under Title VII. *Aldridge v. Tougaloo College*, 847 F.Supp. 480, 487 (S.D.Miss.1994) (citing *Rivera v. City of Wichita Falls*, 665 F.2d 531, 534 n. 4 (5th Cir.1982)). Plaintiffs may not be able to sustain a claim under Title VII because the Alpha Defendants were not "employers" as that term is defined by Title VII; so the grounds available under Title VII may not be available. That fact does not, however, necessarily mean that the grounds under Section 1981 are not available.

Therefore, the Alpha Defendants' Motion to Dismiss the Section 1981 claims simply because there are no viable Title VII claims must be DENIED.

The Alpha Defendants also seek summary judgment with regard to the Section 1981 claims, alleging that because they were not personally involved in any adverse employment actions against the Plaintiffs, the Section 1981 claims cannot be sustained.

As provided in Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986). Of course, the court is to construe the evidence and all inferences to be drawn from it in the light most favorable to the nonmoving· party. *Id.* at 255, 106 S.Ct. at 2513–14, 91 L.Ed.2d at 216.

The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989).

The Supreme Court concluded in *Anderson* that a dispute about a material fact is "genuine" within the meaning of Rule 56 only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12. Since· the preponderance of the evidence standard is used in this determination, more than a mere scintilla of evidence in support of the non-moving party's position is required. *Id.* at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

Once a motion for summary judgment has been made, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1349 (6th Cir.1991). The non-moving party may not merely rest on

**1096**

conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274; *Cloverdale Equip. Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir.1989). While the disputed issue does not have to be resolved conclusively in favor of the non-moving party to defeat summary judgment, "sufficient evidence supporting the claimed factual dispute" must be shown, thereby requiring resolution of the parties' differing versions of the truth by a jury or judge. *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2510, 91 L.Ed.2d at 212; *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569, 592 (1968).

■ The Alpha Defendants have failed to respond to the Plaintiffs' Local Rule 8(b)(7) Statement of Material Facts Showing A Genuine Issue for Trial in accordance with Local Rule 8(b)(7)(d), so the Court must and will assume that the Alpha Defendants do not dispute the 160 facts asserted therein. That the Alpha Defendants believe Plaintiffs' response to their Statement of Facts is incorrect does not excuse their failure to respond to the 160 Statements in Plaintiff's Local Rule Statement of Material Facts in Dispute.[9]

■ Although Plaintiffs' failure to bring Title VII claims against these Defendants cannot be used to defeat their Section 1981 claims, it is true that the analysis of claims brought under Section 1981 mirrors the analysis of Title VII actions. *Lewis v. American Foreign Service Ass'n,* 846 F.Supp. 77, 82 (D.D.C.1993). The *McDonnell Douglas/Burdine*[10] formula is the evidentiary framework applicable not only to claims brought under Title VII, but also to claims under Section 1981. *Mitchell v. Tole-*

*do Hospital,* 964 F.2d 577, 582 (6th Cir.1992). The respective burdens of proof and persuasion of the parties in a Title VII action apply equally to a Section 1981 action. *Harvey,* 813 F.Supp. at 209.

■ A claim seeking to impose personal liability under Section 1981 must be predicated on the actor's personal involvement and there must therefore be some affirmative link to causally connect the actor with the discriminatory action. *Johnson v. Resources for Human Development, Inc.,* 843 F.Supp. 974, 978 (E.D.Pa.1994).

■ The Alpha Defendants allege that it is undisputed that they did not personally participate in any adverse employment decisions or actions against the Plaintiffs. Plaintiffs, however, have cited numerous instances in the record which dispute that fact. The Court finds that there exist genuine issues of material fact as to the extent of the Alpha Defendants' participation in the employment decisions at issue and in the alleged discriminatory acts. Therefore, their Motion for Summary Judgment on the Section 1981 claims is DENIED.

**CONCLUSIONS**

For the reasons stated herein, Defendant Superior's Motion to Dismiss Plaintiff's Title VI Claims (Docket No. 46) is GRANTED, and the Alpha Defendants' Motion to Dismiss and/or for Summary Judgment (Docket No. 55) is DENIED. The remaining portions of this lawsuit—the Title VII and Section 1981 claims against Superior and the Section 1981 claims against the Alpha Defendants—are REFERRED to the Magistrate Judge for continued case management.

It is so ORDERED.

---

9. The Alpha Defendants' assertion that Plaintiffs' response fails to comply with Local Rule 8(b)(7)(c) is incorrect. Plaintiffs responded to each fact set forth by the Alpha Defendants. For those which were disputed, Plaintiffs explained the dispute and gave citations to the record or to Plaintiffs' own 160 Statements of Fact which were each, in turn, supported with citations to the record. Obviously, the Court cannot and will not consider evidence with does not comply with Rule 56(e), such as hearsay evidence. But, in general, Plaintiffs' response complies with the Local Rules.

10. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).