Rob FARMER, Plaintiff,

v.

Dr. David RAMSAY, et al, Defendants.

No. Civ. L–98–1585.

United States District Court,
D. Maryland.

March 10, 1999.

John Montgomery, Washington, DC, for plaintiff.

J. Joseph Curran, Jr., Attorney General of State of Maryland, Dawna M. Dobb and Anne L. Donahue, Assistant Attorneys General, Baltimore, MD, for defendants.

## MEMORANDUM

LEGG, District Judge.

Now before the Court is the defendants' Motion to Dismiss. The parties have thoroughly briefed the issues, and the Court finds that a hearing will not be necessary. *See* Local Rule 105.6 (D.Md.1997). For the reasons stated herein, the defendants' Motion to Dismiss shall be, by separate Order, GRANTED IN PART and DENIED IN PART.

### Background

The plaintiff, Rob Farmer, a white male, filed this action against the University of Maryland at Baltimore ("UMB"), the University of Maryland School of Medicine ("UMSM"), and three officials of the two institutions.[1] The Complaint alleges that Farmer was denied admission to UMSM on the basis of race. (Compl. at ¶ 21).

Farmer applied for admission to UMSM twice and was rejected each time. He admits that his first application did not qualify him for admission. (Compl. at ¶ 15). After this initial application and rejection, however, Farmer applied for and participated in UMSM's Advanced Premedical Development Program (the "Program"). The Program was designed to increase the number of medical students from "minority and/or disadvantaged" backgrounds.[2] Program participants received a free MCAT preparation course and special counseling on the medical school admissions process. Farmer retook the MCAT following his participation in the Program and significantly improved his scores. Farmer's second application to UMSM, however, was also rejected. After his second rejection, Farmer matriculated at Saba Medical School in the Netherlands Antilles, where he is currently a student.

---

1. In the Complaint, Farmer named Dr. David J. Ramsay, President of UMB; Dr. Donald E. Wilson, Dean of UMSM; and Dr. Milford M. Foxwell, Jr., Director of Admissions for UMSM.

2. Farmer was raised under difficult circumstances by a single mother and has been entirely responsible for his own support since the age of 17. (Compl. at ¶¶ 10–12). He qualified for the Program as a "disadvantaged" candidate.

Farmer filed this lawsuit on May 18, 1998. The essence of Farmer's Complaint is that his second application to UMSM would have qualified him for admission had he been considered as a minority applicant. Farmer alleges that "the average MCAT scores for blacks who were accepted to UMSM was lower than the average MCAT scores for whites who were rejected without even being interviewed." (Compl. at ¶ 22). The Complaint further alleges this disparity results from a UMSM "policy of preferring blacks and members of other minority groups for admission" (Compl. at ¶ 23).

Farmer's complaint includes five counts, two under the 14th Amendment, two under Title VI of the Civil Rights Act, and one under 42 U.S.C. §§ 1981 and 1983. The relief requested in each count is as follows:

- Count I seeks injunctive relief directly under the Equal Protection Clause of the 14th Amendment. Farmer seeks to enjoin all five defendants from "in the future conducting the admissions policies and practices of the School in such a way as to take account of the race or ethnicity of any applicants for admission to the School." (Compl. at ¶ 37.)

- Count II seeks the same injunctive relief as Count I, but under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d.

- Count III, brought directly under the 14th Amendment, requests this Court to order all five defendants to admit Farmer as a student at UMSM and to compensate him for the lost income resulting from the two-year delay in beginning his studies at UMSM.

- Count IV seeks the same relief as Count III, i.e., an order admitting Farmer and monetary damages for his delayed admission, under Title VI.

- Count V purports to state a claim under 42 U.S.C. §§ 1981 and 1983 against the three individual defendants. Count V seeks compensatory damages for the delay in Farmer beginning his medical studies, and, if this Court does not order Farmer admitted to UMSM, damages for his "being forced to attend an inferior offshore medical school." (Compl. at ¶ 52.)

The defendants have moved to dismiss all five counts for failure to state a claim upon which relief can be granted.

## Discussion

A complaint should not be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir. 1995). The Court must accept all well-pleaded allegations and should review the complaint in a light most favorable to the plaintiff. *See DeSole v. United States,* 947 F.2d 1169, 1171 (4th Cir.1991). With these principles in mind, the Court shall examine each of Farmer's claims and the arguments presented by the defendants.

### A. The 14th Amendment Claims

Farmer brings counts I and III directly under the Equal Protection Clause of the 14th Amendment. The Court must determine 1) whether such a cause of action exists, 2) what relief may be sought, and 3) what entities may be sued.

By way of summary, the Court holds that Farmer does have a cause of action directly under the Equal Protection Clause, but may only pursue injunctive relief against state officials, as opposed to state-affiliated institutions. Farmer has also improperly pled a single cause of action, a violation of the Equal Protection Clause, as two separate counts, each requesting different relief. Accordingly, the

Court shall dismiss Farmer's request for compensatory damages as to all defendants, dismiss Farmer's request for injunctive relief as to UMSM and UMB, and direct him to file an Amended Complaint setting forth his all his 14th Amendment claims in a single count.

■ The defendants have moved to dismiss both counts I and III in their entirety. They argue that such direct actions are not allowed against state entities or officials. To the extent that Farmer seeks compensatory damages, this Court agrees. The Supreme Court has held that a direct right of action for damages exists against federal officials for certain constitutional violations. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). No such direct action exists, however, against state or municipal officials. The Fourth Circuit has explicitly rejected the argument that an implied cause of action for damages exists under the Fourteenth Amendment. *See Cale v. Covington,* 586 F.2d 311, 313 (4th Cir. 1978). Accordingly, the request for damages made in count III will be dismissed.[3]

■ Farmer's claim for injunctive relief involves a different analysis. Suits for injunctive relief are permissible directly under the 14th Amendment. *See Raffety v. Prince George's County,* 423 F.Supp. 1045, 1055 (D.Md.1976); *Patterson v. Ramsey,* 413 F.Supp. 523, 528–29 (D.Md. 1976). Therefore, Farmer has stated a valid cause of action in count I (which seeks only injunctive relief) and that part of count III that seeks injunctive relief.

■ Farmer's suit, however, raises Eleventh Amendment concerns. The Eleventh Amendment prohibits federal courts from hearing suits against a state or state-affiliated entity. "The University of Maryland is such an arm of the State partaking of the State's Eleventh Amendment immunity." *Palotai v. University of Maryland College Park,* 959 F.Supp. 714, 716 (D.Md.1997) (internal quotations omitted). As such, Farmer cannot name either UMB or UMSM when suing directly under the 14th Amendment. Farmer may, however, bring a federal suit against state officials to obtain prospective relief against future violations of the Fourteenth Amendment. *See Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

■ Accordingly, the claims for injunctive relief against UMB and UMSM in counts I and III are dismissed. As previously stated, all claims for retrospective damages under the 14th Amendment are dismissed, leaving only the requests for injunctive relief against Ramsay, Wilson, and Foxwell. In his Complaint, Farmer split his 14th Amendment claim into a request for "general injunctive relief" (count I) and "personal relief" (count III). These separate remedies, however, flow from the same of cause of action. Farmer is directed to file an amended complaint containing a single count under the 14th Amendment against the individual defendants seeking only injunctive relief.

**B. The Title VI Claims**

■ In counts II and IV, Farmer seeks injunctive relief and damages against all five defendants under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d.[4] The defendants have moved to dismiss on two grounds. First, the defendants argue that Title VI applies only to institutions, not individuals. Second, they argue that

---

**3.** Farmer erroneously contends that the Supreme Court, in *City of Richmond v. J.A. Croson Co.,* 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989), has held that "there exists today a right to a cause of action directly under the Fourteenth Amendment when race-based policies are being challenged." (*See* Def.Opp. to Pl.Mot. to Dism. at 4). *Croson* explicitly states, however, that "Croson brought this action under 42 U.S.C. § 1983 in the Federal District Court for the Eastern District of Virginia."

**4.** As with the 14th Amendment claims, Farmer has improperly split his single cause of action into two requests for relief.

Farmer's failure specifically to plead intentional discrimination means he has not stated a viable claim against the institutional defendants. The Court agrees with the first contention, but not the second.

■ Title VI was designed to prohibit discrimination by organizations receiving federal assistance. Title VI states:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial aid.

42 U.S.C. § 2000d. The Supreme Court has noted that Congress "understood Title VI as authorizing an implied private right of action for victims of the prohibited discrimination." *Cannon v. University of Chicago*, 441 U.S. 677, 703, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). The lower federal courts have generally held that "the proper defendant in a Title VI case is an entity rather than an individual." *Jackson v. Katy Independent School District*, 951 F.Supp. 1293 (S.D.Tex.1996). Accordingly, all claims against Ramsay, Wilson, and Foxwell must be dismissed.

■ With respect to their second contention, UMB and UMSM argue that, even if they are proper defendants under Title VI, Farmer has not stated a valid claim under that statute.[5] To obtain compensatory relief under Title VI, a plaintiff must show discriminatory intent by the defendant. *See Guardians Ass'n v. Civil Service Com'n of City of New York*, 463 U.S. 582, 584, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983) The defendants have moved to dismiss the complaint on the grounds that Farmer has not properly pled intentional discrimination on their part.

■ This argument is incorrect. In Title VI cases, "although the plaintiff must prove intent at trial, it need not be pled in the complaint." *Grimes v. Superior Home Health Care of Middle Tenn.*, 929 F.Supp. 1088, 1092 (M.D.Tenn.1996) (citing *Fobbs v. Holy Cross Health System Corp.*, 29 F.3d 1439, 1447 (9th Cir.1994)). Farmer has clearly met the two requirements to state a claim under Title VI. He has alleged (i) that the defendants are engaging in racial discrimination (*see* compl. ¶¶ 22–24) and (ii) that the defendants receive federal funds (*see* compl. ¶¶ 6–7). Accordingly, the Motion to Dismiss counts II and IV is denied as to UMB and UMSM. As with the 14th Amendment claims, Farmer is directed to amend his complaint to request all relief under Title VI in a single count.

## C. The Sections 1981 and 1983 Claim

Farmer brings his fifth, and final, count against Ramsay, Foxwell, and Wilson under 42 U.S.C. §§ 1981 and 1983.[6] 42 U.S.C. § 1983 provides a cause of action against any "person" who, acting under color of state law, abridges rights created by federal law. § 1983 actions against state officials may only be brought against offi-

---

5. Farmer's Title VI claims do not raise an Eleventh Amendment issue. The Supreme Court has ruled that Congress may abrogate a state's Eleventh Amendment immunity through legislation enacted under § 5 of the Fourteenth Amendment. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 452–456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). As part of the Rehabilitation Act Amendments of 1986, Congress explicitly stated its intent to do so under Title VI. *See* 42 U.S.C.2000d–7 ("A State shall not be immune under the Eleventh Amendment ... from suit in Federal court for a violation of ... Title VI of the Civil Rights Act of 1964").

6. 42 U.S.C. § 1981 "guarantees to all persons in the United States the same right ... to make and enforce contracts ... as is enjoyed by white citizens." *See Spriggs v. Diamond Auto Glass*, 165 F.3d 1015 (4th Cir.1999). In *Spriggs*, the Fourth Circuit recently held that an at-will employee could sue for employment discrimination under § 1981. Farmer gives no indication in his complaint as to how § 1981, which plainly references "white citizens" applies in the reverse discrimination context. The Court finds that count V is properly brought under § 1983 and shall dismiss the § 1981 claim.

cials in their individual, as opposed to official, capacities.[7]

Farmer alleges that Ramsay, Wilson, and Foxwell "violated plaintiff's clear constitutional right to receive the same consideration for admission as applicants of other races" (compl. at ¶ 49), and that each "knew, or should have known, that UMSM's admissions policies and practices were illegal under clearly established law" (compl. at ¶ 50).

Farmer seeks compensatory damages for the delay the defendants caused him in beginning his medical studies. Furthermore, if the Court does not order Farmer admitted to UMSM, as requested in Count IV, Farmer requests damages for his "being forced to attend an inferior offshore medical school" (compl. at ¶ 52). In support of their motion to dismiss, the individual defendants argue (i) that Farmer lacks standing and (ii) that he has not alleged sufficient personal involvement on their parts to state a § 1983 claim. The Court will address each issue in turn.

## 1. Standing

■ The defendants have moved to dismiss on the basis that Farmer lacks standing.[8] Standing is a constitutional prerequisite for a federal court to have jurisdiction over a case or controversy under Article III of the Constitution. To have standing, Farmer must demonstrate three elements: 1) an injury to the plaintiff, 2) caused by the defendant, 3) that can

be redressed by a court ruling in favor of the plaintiff. *See Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir.1997). The defendants claim that Farmer falls short on all three of these criteria.

■ First, the defendants argue that Farmer has not sufficiently plead that he would have been admitted were it not for a discriminatory UMSM policy, implying that he has not suffered an injury. For standing purposes, however, Farmer is not required to allege that he would have been admitted but for the illegal discrimination. The Supreme Court has held that being forced to compete in a discriminatory selection process constitutes an injury sufficient to establish standing.[9] *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 115 S.Ct. 2097, 2105, 132 L.Ed.2d 158 (1995). Accordingly, the Court finds that Farmer has pled sufficient injury to establish standing.

■ Second, the defendants argue that even if Farmer suffered an injury, he cannot (i) show that this injury was caused by any of the defendants or (ii) receive from this Court appropriate relief to remedy his injury. The Court disagrees. Farmer has alleged that "UMSM discriminates against white applicants by maintaining drastically lower standards for the admission of members of certain favored minority groups, especially blacks." (Compl. at ¶ 1). The defendants' argument that he cannot show causation essentially reduces to a claim

7. The parties disagree over whether the complaint names Ramsay, Foxwell, and Wilson in their individual or official capacities. For purposes of clarity, the accompanying Order will specify that Count V is brought against the defendants only in their individual capacities.

8. The standing argument applies to all of the claims in the Complaint, but entails the same analysis for each claim. The discussion here with regard to count V applies equally to each of the other counts.

9. The Supreme Court held that:
the injury in [reverse discrimination] cases is that a discriminatory classification pre-

vents the plaintiff from competing on an equal footing. The aggrieved party need not allege that he would have obtained the benefit but for the barrier in order to establish standing.
115 S.Ct. at 2105. Furthermore, in a recent case involving an unwritten affirmative action plan followed by the Prince George's County, Maryland Fire Department, the Fourth Circuit affirmed the district court's finding that all of the plaintiffs had standing, despite the lower court finding that several of the plaintiff's "would not have been hired even in the absence of the department's affirmative action program." *See Alexander v. Estepp*, 95 F.3d 312, 315 n. 5 (4th Cir.1996).

that the above statement is not true. At the motion to dismiss stage, the Court is bound to accept the factual allegations made in the complaint. Also, should Farmer prevail on the merits, he would be entitled to compensatory relief to redress his injury. Accordingly, the Court finds that Farmer has standing to pursue his claim for damages related to the alleged discriminatory treatment.

### 2. Personal Involvement of the Defendants

■ Ramsay, Foxwell, and Wilson's second argument in support of their Motion to Dismiss Count V is that Farmer has not alleged sufficient personal involvement on behalf of the individual defendants to state a claim under § 1983. § 1983 provides a cause of action against "persons" who has abridged federal rights. The individual defendants argue that because there is no *respondeat superior* liability under § 1983, Farmer must allege some personal involvement on their part in denying his application.[10]

The complaint alleges a general policy of discriminating against non-minority students, even though it does not identify a published or acknowledged statement of such a policy. Farmer alleges that Ramsay, Foxwell, and Wilson knew of and participated in the discriminatory policy. (*See* compl. at ¶¶ 49–50). Under Farmer's theory, which this Court is bound to accept at this point, the potential liability of the individual defendants under Count V can only be determined after the record contains more facts regarding UMSM's admission policies. Accordingly, the individual defendants' Motion to Dismiss the § 1983 claim based on personal involvement must be denied.

### Conclusion

For the aforementioned reasons, the Court shall GRANT IN PART AND DENY IN PART the defendants' Motion to Dismiss.

### ORDER

For the reasons stated in a Memorandum of even date, the Court hereby:

(i)    GRANTS IN PART AND DENIES IN PART the defendants Motion to Dismiss (Dkt. No. 6); and

(ii)   DISMISSES Farmer's claim for compensatory damages in count III;

(iii)  DISMISSES all claims for injunctive relief against UMB and UMSM in counts I and III;

(iv)   DISMISSES all claims against defendants Ramsay, Foxwell, and Wilson in counts II and IV;

(v)    DISMISSES the § 1981 claim in count V and CONSTRUES the § 1983 claim to be against defendants Ramsay, Wilson, and Foxwell in their individual capacities only; and

(vi)   DIRECTS the plaintiff to file an Amended Complaint within 20 days of the date of this Order; the Amended Complaint should consolidate all claims under the 14th Amendment or Title VI in a single count for each cause of action.

---

**10.** *See Baker v. Lyles,* 904 F.2d 925, 929 (4th Cir.1990) ("The doctrine of respondeat superior generally does not apply to § 1983 suits.").