**John WARD, Plaintiff**
vs.
**MASSACHUSETTS BAY TRANS-PORTATION AUTHORITY, Defendant**

**No. 82-0036-C**

Commonwealth of Massachusetts
United States District Court

**November 19, 1982**

Edward B. Ginn, Esq., counsel for plaintiff.
John J. Coffey, Esq., counsel for defendant.

## ORDER

Caffrey, Ch. J. In accordance with memorandum filed this date, it is ORDERED:

Judgment for defendant, complaint dismissed without prejudice to plaintiff's state claims.

Andrew A. Caffrey, Ch. J.

## MEMORANDUM

Caffrey, Ch. J. This is a civil action in which John Ward seeks redress for alleged handicapped-based discrimination against him by defendant Massachusetts Bay Transportation Authority (MBTA). Plaintiff, who in his complaint cites no specific statutory basis for this court's jurisdiction, alleges that he applied for employment with the defendant and was denied same in violation of the Rehabilitation Act of 1973, 29 U.S.C. sec. 794. Plaintiff has also filed a count alleging violation of M.G.L. Ch. 93A (unfair business practice) and a count for breach of an alleged contract of employment. Jurisdiction to hear these two counts is alleged on the theory of pendent jurisdiction. The matter came before the Court on a motion to dismiss filed by defendant on the grounds that this Court lacks subject matter jurisdiction of plaintiff's federal claim and as a corollary thereto defendant urges that this Court should not entertain the counts under state law.

On the basis of the documents on file the following facts are taken as true for purposes of this motion. On November 1, 1978 plaintiff, John Ward, applied to the MBTA for employment. On December 7, 1978, Ward was informed that he would not be hired, and shortly thereafter he filed a complaint with the Urban Mass Transportation Administration Agency of the U.S. Department of Transportation alleging that he was the victim of handicap discrimination. Since Ward has an artificial right leg he is a handicapped person as defined under the Rehabilitation Act of 1973, 29 U.S.C. sec. 706(6). Ward pursued his administrative remedies, did not obtain satisfactory results therefrom, and then brought this action.

The crucial question before this Court is whether Ward has standing to bring an action under 29 U.S.C. sec. 794 for discrimination in employment. If Ward

does not have standing to maintain this action under the Rehabilitation Act then the Court does not have pendent jurisdiction over the state claims.

Section 794 of the 1973 Act reads in pertinent part as follows:

No otherwise qualified handicapped individual in the United States, as defined in section 706(6) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under **any program or activity receiving Federal financial assistance** . . . (emphasis added).

Section 794(a)(2), makes available to persons aggrieved under section 794 the rights, remedies and procedures of title VI of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000d, **et seq.** Section 2000d provides:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

This provision is limited by sec. 2000d-3 which states:

Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a primary objective of the Federal financial assistance is to provide employment.

It is true that sec. 2000d-3 expressly limits only **agency** enforcement to situations in which a primary objective of the Federal financial assistance is to provide employment. However, the legislative history of Title VI lends strong support to the conclusion that Congress did not intend to extend protection under Title VI to any person other than the intended beneficiaries of Federal assistance. Thus, in suits charging employment discrimination under Title VI, the plaintiff must establish that one of the purposes of federal assistance was to provide employment. Since sec. 794 was modeled after, and intended to be enforced in the same manner as Title VI, the same limitations on private judicial enforcement of Title VI apply to private suits brought under sec. 794. In **Trageser v. Libbie Rehabilitation Center, Inc.,** 590 F.2d 87, 89 (4th Cir. 1978), **cert. denied,** 442 U.S. 947 (1979) the Court of Appeals for the Fourth Circuit applied this analysis and concluded that private claims of discrimination under sec. 794 cannot be maintained unless a primary objective of the federally funded program involved is to provide employment. The Courts of Appeal for the Second, Eighth and Ninth Circuits have followed. **Scanlon v. Atascadero State Hospital,** 677 F.2d 1271 (9th Cir. 1982); **United States v. Cabrini Medical Center,** 639 F.2d 908 (2nd Cir. 1981); **Carmi v. Metropolitan St. Louis Sewer District,** 620 F.2d 672 (8th Cir. 1980), **cert. denied,** 449 U.S. 892 (1980).

Plaintiff has cited **Hart v. County of Alameda,** 485 F.Supp. 66 (D.C. CA 1979) in support of the proposition that Federal financial assistance need not be directed primarily at employment in order for plaintiff to maintain an action. The **Hart** decision stood for many years as the lone case supporting this interpretation; however the opinion of the Court of Appeals for the Ninth Circuit in **Scanlon, supra** effectively overrules **Hart.**

This appears to be a case of first impression in this Circuit. For the reasons outlined above, and more fully developed in **Cabrini** and **Carmi, supra,** I rule that Ward's sec. 794 claim can be maintained only if the MBTA is a recipient of Federal financial assistance, the primary purpose of which is to provide employment.

Thus, the sole question remaining is whether the MBTA is the recipient of such specifically targeted federal funds.

Defendant has submitted the affidavit of Mark P. Riley, Treasurer-Controller of the MBTA in support of the motion. In that affidavit Mr. Kiley states that all of the financial assistance received by the MBTA from the U.S. Government has been for the purpose either of carrying out capital improvement projects, or of reducing the MBTA's operating costs. In **Jones v. Metropolitan Atlanta Rapid Transit Authority,** 522 F.Supp. 370 (N.D. Georgia, 1981), the district court, confronted with an almost identical fact situation, explored the legislative findings and purposes of the Urban Mass Transportation Act, 49 U.S.C. sec. 1601 **et seq.,** the enabling legislation for the MBTA's federal grants, and concluded that the primary purpose of the capital and operating funds is **not** to provide employment. The court in **Jones** held that the admittedly handicapped plaintiff did not have standing to maintain an action under sec. 794 of the Rehabilitation Act of 1973.

While the federal funds that the MBTA receives may have an incidental impact on employment, I find that the creation of jobs is not the primary purpose of the Federal financial assistance, and I rule, therefore, that Ward does not have standing to maintain an action under sec. 794 of the Rehabilitation Act. Additionally, the doctrine of pendent jurisdiction dictates that the remaining two counts of the complaint, the counts arising under Massachusetts law should be dismissed without prejudice.

For the reasons stated above, treating defendants' motion to dismiss as a motion for summary judgment, I rule that plaintiff does not have standing to maintain this action and that he fails to state a claim upon which relief can be granted; therefore, an order should enter providing for a judgment of dismissal.

**Andrew A. Caffrey, Ch. J.**