**James THORNTON, et al., Plaintiffs,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), Defendant.**

**No. Civ.A. 98–890(EGS).**

United States District Court, District of Columbia.

June 24, 1998.

Paul C. Sprenger, Myra H. Barron, Timothy B. Fleming, Michael D. Lieder, Sprenger & Lang DC, PLLC, Washington, DC, Larry

---

P. Schaefer, Sprenger & Lang MPLS, PLLP, Minneapolis, MN, Andrew A. Rainer, Shapiro Haber & Urmy LLP, Boston, MA, Roderic V.O. Boggs, Avis E. Buchanan, Warren K. Kaplan, Washington Lawyers' Committee for Civil Rights and Urban Affairs, Washington, DC, Ozell Hudson, Jr., Lawyers' Committee for Civil Rights Under the Law of the Boston Bar Ass'n, Boston, MA, for plaintiffs.

Robert Watkins, Nicole Seligman, Robert A. Van Kirk, Williams & Connolly, Washington, DC, Carol Ann Buckley, Associate General Counsel, National R.R. Passenger Corp., Washington, DC, for Defendant.

### *OPINION & ORDER*

SULLIVAN, District Judge.

Plaintiffs bring this action alleging employment discrimination by defendant, National Railroad Passenger Corporation ("Amtrak"). Plaintiffs in this case currently consist of nine Amtrak employees, one individual who applied but was not hired for a position at Amtrak, and the Pennsylvania Federation of the Brotherhood of Maintenance of Way Employees ("BMWE"), an unincorporated association that represents Amtrak employees in labor-management relations.[1] Plaintiffs raise three claims in their complaint: violations of 42 U.S.C. § 2000d ("Title VI"), violations of 42 U.S.C. § 2000e ("Title VII"), and violations of 42 U.S.C. § 1981.

Defendant has moved to dismiss Plaintiffs' claims under Title VI and Title VII. Upon consideration of defendant's motion to dismiss, plaintiffs' opposition, defendant's reply, and plaintiffs' surreply, and the oral argument heard on June 10, 1998, the Court will **GRANT** defendant's motion to dismiss as to plaintiffs' Title VI claims but **DENY** defendant's motion to dismiss as to plaintiffs' Title VII claims.

1. Plaintiffs seek to bring this case as a class action but a class has not yet been certified.

2. *Ward,* a Rehabilitation Act case, preceded the Supreme Court's decision in *Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984), which held that the "primary objective" limitation of Title VI did not

### *Title VI*

Under Title VI, no person shall be "subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. However, the statute also states that:

Nothing contained in this subchapter shall be construed to authorize action ... with respect to any employment practice of any employer, ... except where a primary objective of the Federal financial assistance is to provide employment.

42 U.S.C. § 2000d–3.

Defendant argues that plaintiffs' claims must be dismissed because employment is not the "primary objective" of Amtrak's federal funding. *See Temengil v. Trust Territory of Pac. Islands,* 881 F.2d 647, 653 (9th Cir.1989) (rejecting Title VI claim brought by employees of Trust Territories of the Pacific Islands where plaintiffs argued that primary objective of the Trust Territory government could not be carried out without hiring employees); *Ward v. Massachusetts Bay Transportation Authority,* 550 F.Supp. 1310, 1312 (D.Mass.1982) (holding that primary objective of federal funds to Massachusetts Bay Transportation Authority was not creation of jobs).[2]

In the case of Amtrak, defendant argues that the stated purpose for the funds is not to provide employment, but rather:

to provide intercity and commuter rail passenger transportation that completely develops the potential for modern rail transportation to meet the intercity and commuter rail transportation needs of the United States.

49 U.S.C. § 24101.

Plaintiffs, on the other hand, argue that preserving the employment of workers in the passenger railroad industry is a "primary purpose" of the funding. Furthermore, plaintiffs argue that the "intended beneficia-

apply to claims under the Rehabilitation Act. Thus, although *Ward*'s analysis of whether a primary objective of federal funds to a transit system was to provide employment is no longer relevant to Rehabilitation Act cases, the analysis is still applicable to Title VI cases, where the "primary objective" limitation stands.

ries" test should apply rather than the "primary purpose" test. Plaintiffs rely on *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984) to argue that they have standing to assert Title VI claims because they are "intended beneficiaries of federal aid" even where the funding is not primarily intended to provide employment. *Id.* 465 U.S. at 628 & n. 4, 104 S.Ct. 1248. *Darrone*, however, involved a suit under the Rehabilitation Act, rather than Title VI, and the Supreme Court held only that it would not incorporate the "primary objective" requirement of Title VI into the Rehabilitation Act. The Court, however, did not eliminate the "primary objective" limitation for Title VI actions.

Plaintiffs also argue that because employees are required to meet the primary objective of providing transportation, then providing employment must also be a primary objective. Courts, however, have rejected this expansive reading of § 2000d–3. *See Temengil*, 881 F.2d at 653 ("under this extended logic, few programs that employed people would be protected"); *Burks v. City of Philadelphia*, 950 F.Supp. 678, 683 (E.D.Pa.1996) ("discriminatory employment practices can give rise to Title VI liability only when a primary objective of the federal money that Congress extends to the program or activity is to provide employment."); *see also Johnson v. Transportation Agency, Santa Clara County, Cal.*, 480 U.S. 616, 627 n. 6, 107 S.Ct. 1442, 94 L.Ed.2d 615 (1987) (noting Congress's concern that Title VI not subsume Title VII by making any employer who receives federal financial assistance liable under Title VI).

■ Finally, even assuming that "primary" or "intended" beneficiaries of the federal funding have standing to bring a Title VI case, plaintiffs nevertheless fail to show that employees are "primary" or "intended" beneficiaries of federal funding to Amtrak. Plaintiffs rely on cases such as *Fobbs v. Holy Cross Health System Corp.*, 29 F.3d 1439 (9th Cir.1994) and *Simpson v. Reynolds Metals Co.*, 629 F.2d 1226, 1235 n. 16 (7th Cir. 1980), which refer to intended beneficiaries of federal financial assistance. However, even those courts failed to conclude that the plain-tiffs in those cases were "primary" or "intended" beneficiaries of federal funds. *See Fobbs*, 29 F.3d at 1447 ("Dr. Fobbs is essentially only an incidental beneficiary of programs designed to benefit his patients, and is trying to manipulate his status as an incidental beneficiary into that of a primary or intended beneficiary."); *cf. Caulfield v. Board of Educ. of the City of New York*, 583 F.2d 605, 610–11 (2d Cir.1978) (allowing suit by teachers under Title VI for discriminatory employment practices because of the effect of discrimination on minority schoolchildren, who were the intended beneficiaries of federal funds to schools).

Defendant argues that, even under the "primary" or "intended" beneficiaries test, plaintiffs cannot show that Amtrak employees are the "primary" or "intended" beneficiaries of federal funds to Amtrak. Rather, defendant argues, Amtrak's passengers are the primary or intended beneficiaries of federal funds and employees are only incidental beneficiaries. *See Ward*, 550 F.Supp. 1310.

The Court concludes that plaintiffs have not shown that "a primary objective" of federal financial assistance to Amtrak is to provide employment or that employees are "primary" or "intended" beneficiaries of federal funds. Thus, plaintiffs do not meet the statutory requirements to state a claim under Title VI.

### Title VII

■ As to plaintiffs' Title VII claims, defendant argues that, even though plaintiffs have now received right-to-sue letters from the EEOC, plaintiffs' claims should be dismissed for having failed to file their charges before the EEOC prior to filing this case. Otherwise, plaintiffs would succeed in circumventing the administrative procedures designed to provide employers with an opportunity to resolve disputes prior to the filing of a case. The Court could dismiss plaintiffs' Title VII claims and force plaintiffs to refile. However, given that defendant has not moved to dismiss plaintiffs' § 1981 claims, any Title VII claims that plaintiffs refiled would surely return to this Judge as a related case under Local Rule 405(a). Therefore, the Court will **DENY** defendant's motion to dismiss plaintiffs' Title VII claims.

Accordingly, it is hereby

**ORDERED** that defendant's motion to dismiss plaintiffs' claims under Title VI is **GRANTED;** and it is further

**ORDERED** that plaintiffs' claims under Title VI are **DISMISSED WITH PREJUDICE;** and it is further

**ORDERED** that defendant's motion to dismiss plaintiffs' claims under Title VII is **DENIED.**